| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>William H. Oliver, Jr., Esq.<br>OLIVER & LEGG, LLC<br>2240 Highway 33, Suite 112<br>Neptune, New Jersey 07753<br>732-988-1500<br>Attorney for Debtor(s)<br>courtdocs@oliverandlegg.com | Order Filed on April 28, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ALEXIS BUHL,<br><br>            Debtor. | Case No.:      16-34431<br><br>Hearing Date:   April 20, 2021<br><br>Chapter:        13<br><br>Judge:          MBK |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| | | | |
|---|---|---|---|
| Recommended Local Form: | ☐ Followed | ☒ Modified |

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: April 28, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon consideration of the Debtor's Motion to Sell Property commonly known as 21 Cliffwood Drive, Neptune, NJ 07753 (the "Real Property") together with the Trustee's Objection thereto,

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property upon the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the Real Property unless the liens are otherwise avoided by court order. Until such satisfaction the Real Property is not free and clear of liens.

3. In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore, the following professional(s) may be paid at closing.

| Name of professionals: | Coldwell Banker / Oliver & Legg |
|---|---|
| Amount to be paid: | 2.5% of Sale Price / $2,500 |
| Services rendered: | Real Estate Broker / Attorney for Seller |

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $23,675 claimed as exempt may be paid to the Debtor.

6. The balance of the proceeds, to the extent necessary to pay off all allowable claims at 100 percent, shall be held by the Trustee in a trust account pending the filing and adjudication of a modified plan as provided for in paragraph 9.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee within seven days after closing.

8. The Stay as authorized by Rule 6004(h) is waived and the sale may proceed without the

expiration of the 14-day period per the Rule.

9. Should the Trustee wish to seek any of the proceeds, held pursuant to paragraph 6 of this Order, above and beyond the terms set forth in this Court's most recent Confirming Order, the Trustee shall file a proposed modified plan within 30 days of the execution of this Order, or 14 days of receipt of the proceeds, whichever is later. If the Trustee fails to file a modified plan as provided herein, the Trustee shall pay off the Chapter 13 Plan as confirmed, and promptly return the excess funds to the Debtor.